**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Joseph Norman, | No. CV-18-08179-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al.,[1] | |
| Respondents. | |

Pending before the Court is Petitioner Thomas Norman's Rule 60(b) Motion for Relief from a Judgment or Order. (Doc. 26). Respondent has filed a response opposing the motion. (Doc. 28). Having considered the Parties' briefs, the Court finds that the Petitioner's motion should be DENIED.

## I.     BACKGROUND

In 1999, Petitioner Thomas Norman pled guilty to two counts of attempted child molestation. (Doc. 13-1 at 7–8). Over the years, Petitioner has challenged the validity of his sentences in Arizona courts. (Doc. 18 at 3–11).

On August 2, 2018, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner argued that the State is violating the due process protections of the Fourteenth Amendment "because he is being held beyond the term of lawful sentences and unlawful probation revocation." (Doc. 1 at 7).

Magistrate Judge Fine entered a Report and Recommendation on August 23, 2019,

---

[1] David Shinn has been substituted for his predecessor, Charles L. Ryan, as Director, Arizona Department of Corrections, under Fed. R. Civ. P. 25(d).

recommending that his habeas petition should be dismissed. (Doc. 18 at 2). She found that the petition was untimely, and petitioner had procedurally defaulted on his single claim for relief. (*Id.*). Magistrate Judge Fine also recommended that a Certificate of Appealability be denied. (*Id.*). The Court entered an order on October 2, 2019 adopting the Report and Recommendation, dismissing Petitioner's § 2254 petition. (Doc. 23).

Petitioner filed a Motion for Relief from a Judgment or Order pursuant to Fed.R.Civ.P. 60(b) on July 7, 2021. (Doc 26). Petitioner argues that the Court erred in finding his petition was untimely. (*Id.* at 15). Petitioner also asserts that the Court did not understand the requirements for issuing a Certificate of Appealability. (*Id.*). Respondents contend that Petitioner has not shown that extraordinary circumstances that entitle him to relief. (Doc. 28 at 3).

## II.     ANALYSIS

Following the denial of his § 2254 petition for habeas corpus relief, Petitioner filed his Rule 60(b) motion. (Doc. 26). Rule 60(b) is the appropriate rule to invoke when a party wishes a court to reconsider claims it has already decided in a § 2254 petition. *Morehead v. Schriro*, No. CV-99-2157-PHX-PGR, 2008 U.S. Dist. LEXIS 42262, at *3–4 (D. Ariz. May 27, 2008) ("[P]etitioner may properly seek such reconsideration through the mechanism of a Rule 60(b) motion because the Court, by finding that the petitioner had procedurally defaulted on Ground 7, never reached the merits of that claim."); *see Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005) (finding that a motion for relief from judgment challenging only the district court's prior ruling that the habeas petition was time-barred is not the equivalent of a second or successive petition).

### A. Petitioner does not meet the requirements for relief for 60(b)(1) through (5)

A court may relieve a party from a final judgment for one of six reasons listed in Rule 60. Clauses (1) through (5) provide specific reasons for granting relief, while clause (6) applies to grounds for relief for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b); *Liljeberg v. Health Services Acquisition Corp.*,

486 U.S. 847, 863 (1988). Clauses 1 through 3 cannot be raised more than one year after the entry of judgment, whereas clauses 4 through 6 must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Petitioner did not title his motion to describe which subsection his relief is based on. Respondents contend that Petitioner's motion is based on Rule 60(b)(6) because none of the other subsections could apply. (Doc. 28 at 3).

Petitioner filed his Rule 60(b) motion in July 2021, more than a year after the dismissal of his habeas petition in October 2019. (*Id.* at 2). Because of this, relief could not be based on clauses 1 through 3.

Relief could also not be based on clauses 4 or 5. Clause 4 provides relief when a "judgment is void." Rule 60(b)(4). Clause 5 provides relief when "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Rule 60(b)(5). Petitioner is not challenging that the judgment is void. Nor is he challenging that the judgment has been satisfied or been reversed. Rather, he is challenging the district court's determination that his § 2254 challenge was untimely. (Doc. 26 at 15). Because the first five subsections of Rule 60(b) are inapplicable, the only subsection that could theoretically apply is subsection (b)(6).

**B.  Petitioner has not met the requirements for Rule 60(b)(6) relief**

A motion under Rule 60(b)(6) must be brought "within a reasonable time" and requires a showing of "extraordinary circumstances." *Gonzalez*, 545 U.S. at 535. The Ninth Circuit has emphasized that Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) The United States Supreme Court has said that "[s]uch circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

The pending motion was not brought within a reasonable time. Petitioner did not

1   exercise diligence by allowing twenty-one months to pass from the date of the judgment

2   to the filing of a motion seeking relief from that judgment. *Van Adams v. Schriro*, No.

3   CV-04-1359-PHX-MHM, 2009 U.S. Dist. LEXIS 5063, at *9–10 (D. Ariz. Jan. 9, 2009)

4   (finding that petitioner did not exercise diligence by allowing thirteen months to pass

5   from date of judgment to filing of motion).

6        Petitioner has also failed to make a showing of extraordinary circumstances.

7   Petitioner only asserts that the Court erred in denying his § 2254 motion as untimely.

8   (Doc. 26 at 15). There has been no "change of circumstances between the time when [he]

9   filed his habeas petition and the time when he filed his 60(b) motion" that justifies relief.

10  *Hamilton*, 374 F.3d 822, 825 (9th Cir. 2004). As detailed in the R&R, Petitioner's

11  convictions were final in August 2000. (Doc. 18). He did not file his petition for his writ

12  of habeas corpus for almost another 17 years. (*Id.* at 16). The Court was correct in

13  concluding that his petition was untimely.

14        **C. Petitioner does not meet the requirements for a certificate of appealability**

15        Petitioner also challenges the Court's decision to not issue a certificate of

16  appealability. He argues that the "dismissal of a habeas petition on procedural grounds"

17  does not preclude a court from issuing a COA. (Doc. 26 at 15).

18        Rule 11 of the Rules Governing § 2254 cases provides that, "[t]he district court

19  must issue or deny a certificate of appealability when it enters a final order adverse to the

20  applicant." To be entitled to a COA, a habeas petition must show that: "jurists of reason

21  would find it debatable whether the petition states a valid claim of the denial of a

22  constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If the petition was

23  dismissed on procedural grounds, the petitioner must also show "that jurists of reason

24  would find it debatable whether the district court was correct in its procedural ruling." *Id.*

25  "[B]oth showings" must be made. *Id.*

26        Here, the Court concludes that Petitioner has not shown that jurists of reason

27  would find it debatable whether the Court was correct in its procedural ruling. He does

28  not challenge the finding that his claim was procedurally defaulted. (Doc. 26 at 15). A

certificate of appealability should be denied on this procedural default issue. Moreover, Petitioner is not entitled to a certificate of appealability as to this Rule 60(b) motion, as this Court finds that "[j]urists of reason would not find it debatable that the district court abused its discretion" by denying this motion. United States v. Winkles, 795 F.3d 1134, 1145 (9th Cir. 2015).

## III.   CONCLUSION

Petitioner's motion for relief under Rule 60(b)(6) is neither timely nor does it invoke extraordinary circumstances beyond Petitioner's control.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Relief from a Judgment or Order (Doc. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** as to this Rule 60(b) motion.

Dated this 13th day of October, 2021.

James A. Teilborg
Senior United States District Judge